

Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
ROSA MARGARITA RIVERA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO/OAKLAND DIVISION**

| | |
|---|---|
| ROSA MARGARITA RIVERA, | Case No. **CV 13 2322** |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, a Delaware limited liability company; LEGAL RECOVERY LAW OFFICES, INC., a California corporation; and ANDREW PAUL RUNDQUIST, individually and in his official capacity; | 15 United States Code § 1692 *et seq*. California Civil Code § 1788 *et seq*. Malicious Prosecution |
| Defendants. | |

Plaintiff, ROSA MARGARITA RIVERA, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1. Defendants wrongfully sued Plaintiff in a collection action attempting to collect a defaulted consumer debt that was not incurred by Plaintiff or lawfully owed by Plaintiff. Defendants were put on notice several times in the months following the filing of their collection action against Plaintiff herein that their collection efforts were directed at the wrong person. Defendants continued

their collection efforts against Plaintiff long after Defendants had actual knowledge that the debt being collected was not incurred by Plaintiff or lawfully owed by Plaintiff.  As a direct and foreseeable result of Defendants' wrongful actions, Plaintiff suffered injury, including substantial emotional distress.

2.     This is an action for actual damages, statutory damages, punitive damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3.     According to 15 U.S.C. § 1692:

a.     There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.     Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.     Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.     Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.     It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action

1    to protect consumers against debt collection abuses.

2        4.    Plaintiff also seeks actual damages, statutory damages, statutory penalties, punitive

3    damages, attorney fees and costs for Defendants' violations of the Rosenthal Fair Debt Collection

4
     Practices Act, California Civil Code § 1788, *et seq.* (hereinafter "RFDCPA") which prohibit debt
5

6    collectors from engaging in abusive, deceptive and unfair practices.

7        5.    The California Legislature has found that:

8           The banking and credit system and grantors of credit to consumers are
9           dependent upon the collection of just and owing debts.  Unfair or
            deceptive collection practices undermine the public confidence which is
10          essential to the continued functioning of the banking and credit system
            and sound extensions of credit to consumers.[1]
11

12       6.    Plaintiff further seeks actual damages, treble damages, and punitive damages for

13   Defendants' bad faith, frivolous filing and malicious prosecution of a collection lawsuit against her.

14                                    **II. JURISDICTION**

15       7.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and

16
     1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.
17

18   Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

19       8.    This action arises out of Defendants' violations of the Fair Debt Collection

20   Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

21                                    **III. VENUE**

22       9.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a
23
     substantial part of the events or omissions giving rise to the claim occurred in this judicial district.
24
25   Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants

26   transact business in this judicial district and the violations of the FDCPA complained of occurred in this

27   judicial district.

28   _____
     [1] Cal. Civil Code § 1788.1(a)(1).

                                        - 3 -
                                      COMPLAINT

## IV.  INTRADISTRICT ASSIGNMENT

10.    This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Francisco County.

## V.  PARTIES

11.    Plaintiff, ROSA MARGARITA RIVERA ("Plaintiff"), is a natural person residing in San Francisco County, California.  Plaintiff is 78 years old and resides in a residential care facility. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3), and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h), and a "senior citizen" within the meaning of Cal. Civil Code § 1761(f).  Plaintiff has standing to bring this action because Defendants claimed that Plaintiff was obligated to pay a nonexistent debt, and Defendants attempted to collect that nonexistent debt from Plaintiff by filing and maintaining a sham lawsuit against her.

12.    Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("PORTFOLIO"), is a Delaware limited liability company engaged in the business of collecting debts in this state with its principal place of business located at: 120 Corporate Boulevard, Suit 100, Norfolk, Virginia 23502. PORTFOLIO may be served as follows: Portfolio Recovery Associates, LLC, c/o National Registered Agents Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904.  The principal business of PORTFOLIO is the collection of consumer debts using the mails and telephone and PORTFOLIO regularly attempts to collect debts alleged to be originally due another.  PORTFOLIO is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  PORTFOLIO is vicariously liable to Plaintiff for the acts of LEGAL RECOVERY LAW OFFICES, INC., and ANDREW PAUL RUNDQUIST.[2]

---

[2]  See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Martinez v. Albuquerque Collection Servs.*, 867 F. Supp. 1495, 1502 (D. N.M. 1994) ("Debt

13. Defendant, LEGAL RECOVERY LAW OFFICES, INC. (hereinafter "LRLO"), is a California corporation engaged in the business of collecting debts in this state with its principal place of business located at: 5030 Camino de la Siesta, Suite 340, San Diego, California 92108. LRLO may be served at the address of its Agent for Service of Process at: Legal Recovery Law Offices, Inc., c/o Richard Sitter, Agent for Service, 5030 Camino de la Siesta, Suite 340, San Diego, California 92108. The principal business of LRLO is the collection of debts using the mails and telephone, and LRLO regularly attempts to collect debts alleged to be due another. LRLO is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

14. Defendant, ANDREW PAUL RUNDQUIST (hereinafter "RUNDQUIST"), is a natural person, a licensed attorney in the state of California, and is or was an employee, agent, officer and/or director of LRLO at all relevant times. RUNDQUIST may be served at his current business address at: Andrew Paul Rundquist, Legal Recovery Law Offices, Inc., 5030 Camino de la Siesta, Suite 340, San Diego, California 92108. The principal purpose of RUNDQUIST's business is the collection consumer debts due or alleged to be due another. RUNDQUIST is regularly engaged in the business of collecting consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone and internet. RUNDQUIST is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). Plaintiff is informed and believes, and thereon alleges that RUNDQUIST is liable for the acts of LRLO because he sets and approves LRLO collection policies, practices, procedures and he directed and participated the unlawful activities described herein.

15. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said

collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

- 5 -
COMPLAINT

1  times, each Defendant was acting in the full course and scope of said office, directorship, agency,

2  service, employment and/or joint venture. Any reference hereafter to "Defendants" without further

3  qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

4
5
## VI. FACTUAL ALLEGATIONS

6        16.    Plaintiff is informed and believes, and thereon alleges that on a date or dates

7  unknown to Plaintiff, an unrelated third-party with the name "Rosa Rivera" is alleged to have incurred a

8  financial obligation, namely a consumer credit account issued by HSBC Card Services (III), Inc.

9  (hereinafter "the alleged debt"). Plaintiff is informed and believes, and thereon alleges that the alleged

10
11  debt was incurred by "Rosa Rivera" primarily for personal, family or household purposes and is

12  therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is

13  defined by Cal. Civil Code § 1788.2(f).

14        17.    Plaintiff is informed and believes, and thereon alleges that sometime after "Rosa

15  Rivera" defaulted on her payments, the alleged debt was sold, assigned or otherwise transferred to

16  PORTFOLIO for collection.

17
18        18.    On or about May 22, 2012, Defendants filed a lawsuit against Plaintiff in the

19  Superior Court of California, San Francisco County captioned *Portfolio Recovery Associates, LLC v.*

20  *Rosa Rivera, et al.*, Case No. CGC-12-520992 (hereinafter the "*Portfolio v. Rivera* complaint") which

21  sought to collect $2,461.18 in principal, interest at the statutory rate of 10% from January 26, 2011, and

22  reasonable attorney fees and costs pursuant to a nonexistent contract. Plaintiff is informed and believes,

23
24  and thereon alleges that the *Portfolio v. Rivera* complaint was drafted and signed by RUNDQUIST on

25  behalf of LRLO and PORTFOLIO. A true and accurate copy of the *Portfolio v. Rivera* complaint is

26  attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

27  / / /

28

- 6 -
COMPLAINT

19. The *Portfolio v. Rivera* complaint (Exhibit "1") falsely states that:

Defendant(s) are over the age of 18 and indebted to Plaintiff for credit received through purchases/cash advances and/or monies loaned and received and furnished to the Defendant(s) by the original creditor, HSBC CARD SERVICES III, INC., and all related finance charges and/or late fees incurred pursuant to the terms and conditions of the contract(s).

20. At no time did Plaintiff receive credit or borrow any monies from PORTFOLIO or HSBC Card Services III, Inc.

21. The *Portfolio v. Rivera* complaint (Exhibit "1") falsely states that:

Defendant(s) agreed to pay these monies to the Original Creditor as provided for in the agreement between Defendant(s) and Original Creditor. The terms and conditions under which Defendant(s) agreed to repay these monies are set forth in a written credit card and/or loan agreement. Defendant(s) consented to these terms either by an authorizing signature on the application and/or agreement or by Defendant(s) use of the credit instrument and/or monies provided.

22. At no time did Plaintiff enter into a written credit card agreement or loan agreement with PORTFOLIO or HSBC Card Services III, Inc., or sign a credit application or loan agreement with PORTFOLIO or HSBC Card Services III, Inc. At no time did Plaintiff agree to pay any monies to PORTFOLIO of HSBC Card Services III, Inc., on the alleged debt.

23. The *Portfolio v. Rivera* complaint (Exhibit "1") falsely states that:

Billing statements were mailed to the Defendant(s).

24. Plaintiff is informed and believes, and thereon alleges that neither PORTFOLIO or HSBC Card Services III, Inc., mailed billing statements to Plaintiff for the alleged debt. At no time did Plaintiff receive billing statements from PORTFOLIO or HSBC Card Services III, Inc.

25. The *Portfolio v. Rivera* complaint (Exhibit "1") falsely states that:

Within the past four (4) years, on or about December 31, 2008, the Defendant(s) breached the agreement by failing to pay the Original Creditor.

///

- 7 -
COMPLAINT

1    26.    At no time has there been a agreement between Plaintiff and PORTFOLIO or

2   HSBC Card Services III, Inc., nor did Plaintiff breach any agreement with PORTFOLIO or HSBC Card

3   Services III, Inc.

4
       27.    The *Portfolio v. Rivera* complaint (Exhibit "1") falsely states that:
5

6       The Original Creditor and Defendant(s) entered into a written contract(s) wherein at the
       request of Defendant(s), the Original Creditor extended credit and/or provided financing
7       to the Defendant(s).  In return, Defendant(s) agreed to make payment(s) in accordance
       with the terms and conditions of the contract.
8

9       28.    At no time did Plaintiff enter into a written contract with PORTFOLIO or HSBC

10   Card Services III, Inc., nor did Plaintiff request that PORTFOLIO or HSBC Card Services III, Inc.,

11   extend credit to Plaintiff nor did Plaintiff agree to make payments to PORTFOLIO or HSBC Card

12   Services III, Inc., in accordance with the terms and conditions of a written contract.

13
       29.    The *Portfolio v. Rivera* complaint (Exhibit "1") falsely states that:
14

15       The Original Creditor sent to Defendant(s) bills reflecting, *inter alia*, all charges
       incurred with the Account(s), the payment due, and the total balance due.
16

17       30.    Plaintiff is informed and believes, and thereon alleges that neither PORTFOLIO or

18   HSBC Card Services III, Inc., mailed billing statements to Plaintiff for the alleged debt.  At no time did

19   Plaintiff receive billing statements from PORTFOLIO or HSBC Card Services III, Inc.

20       31.    The *Portfolio v. Rivera* complaint (Exhibit "1") falsely states that:

21       The Account(s) was stated in writing by and between the Original Creditor and
22       Defendant(s) and on such statements a balance(s) of $2,461.18 was ultimately stated as
       due and owing.
23

24       32.    At no time was an account stated in writing between Plaintiff and PORTFOLIO or

25   HSBC Card Services III, Inc., nor did Plaintiff ever agree that she was indebted to PORTFOLIO or

26   HSBC Card Services III, Inc., in any amount whatsoever.

27   / / /

28

-8-
COMPLAINT

33. The *Portfolio v. Rivera* complaint (Exhibit "1") falsely states that:

There is now due, owing, and unpaid from Defendant(s) to Plaintiff the above stated balance owed for purchases, cash advances and/or monies loaned, and finances charges [sic] and/or late fees incurred pursuant to the terms and conditions of the contract(s).

34. At no time did Plaintiff ever become indebted to PORTFOLIO or HSBC Card Services III, Inc., on the alleged debt.

35. The *Portfolio v. Rivera* complaint (Exhibit "1") falsely states that:

Plaintiff alleges that there is an Account(s) stated by operation of law wherein the Original Creditor billed Defendant(s) for the credit balance and received no objection to it.

36. At no time was an account stated by operation of law between Plaintiff and PORTFOLIO or HSBC Card Services III, Inc., nor did Plaintiff ever agree that she was indebted to PORTFOLIO or HSBC Card Services III, Inc., in any amount whatsoever.

37. Plaintiff is informed and believes, and thereon alleges, that Defendants made and used false statements and misrepresentations in an attempt to collect a nonexistent debt from Plaintiff.

38. Plaintiff is informed and believes, and thereon alleges that Defendants misrepresented that a debt was lawfully incurred by the Plaintiff.

39. Plaintiff is informed and believes, and thereon alleges, that the *Portfolio v. Rivera* complaint (Exhibit "1") misrepresented the character and legal status of a nonexistent debt that Defendants attempted to collect from Plaintiff.

40. Plaintiff is informed and believes, and thereon alleges, that the *Portfolio v. Rivera* complaint (Exhibit "1") misrepresented the compensation which may be lawfully received by Defendants for the collection of a nonexistent debt from Plaintiff.

41. Plaintiff is informed and believes, and thereon alleges, that Defendants attempted to collect a nonexistent debt from Plaintiff, an action that could not be lawfully taken.

42.     Plaintiff is informed and believes, and thereon alleges, that the *Portfolio v. Rivera* complaint (Exhibit "1") attempted to collect interest, fees or other charges from Plaintiff that were not permitted by law.

43.     After receiving the *Portfolio v. Rivera* complaint (Exhibit "1"), Plaintiff's granddaughter contacted Defendants by telephone and informed Defendants that Plaintiff never had an account with HSBC Card Services III, Inc., that Plaintiff had no outstanding or unpaid credit card accounts, that Plaintiff was a senior citizen, and that Defendants were suing the wrong person. Thereafter, Defendants had actual knowledge that they had sued the wrong person and that their collection activities were directed at a senior citizen.

44.     When Defendants refused to dismiss the *Portfolio v. Rivera* complaint (Exhibit "1"), Plaintiff was required to retain legal counsel at her own expense thereby incurring actual damages in the form of attorney fees and costs.[3]

45.     Thereafter, on or about July 10, 2012, Plaintiff's counsel mailed a letter to Defendants which reads as follows:

> My office is representing Rosa Rivera in the above named case. Upon receiving service of the named Complaint, my client contacted your office regarding the alleged debt that is the subject of this suit. She has informed your office that this allegation of indebted is wholly false; that she does not and has not ever had an HSBC Card Services, Inc. III account identified in the Complaint as having the last four digits 3146. My client has also informed you that she is of the belief that your client has sued the wrong person.
>
> This letter is to communicate again my client's contentions. My client has made a thorough investigation of her financial records and reviewed all three credit reports; she has found no indication that the HSBC account belongs to her. In fact, my client has no outstanding debt owed on any credit card account. There is no reason for your client to continue this litigation without proper evidence of indebtedness.

---

[3] See, *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. § 1692k(a)(1), and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS 8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court action as actual damages under 15 U.S.C. § 1692k).

1    I urge that your office to conduct a thorough investigation and dismiss this suit with
      prejudice as there is no basis for continuing your collection efforts. Please feel free to
2     contact me if you wish to discuss this matter further.

3         46.    A true and accurate copy of Plaintiff's counsel's July 10, 2012, letter is attached

4
      hereto, marked Exhibit "2," and by this reference is incorporated herein.
5
6         47.    Despite being notified again that Defendants were suing the wrong person,

7     Defendants continued to pursue the *Portfolio v. Rivera* complaint (Exhibit "1") against Plaintiff.

8         48.    Thereafter, the parties engaged in discovery and on or about October 12, 2012,

9     Plaintiff's counsel emailed a letter to Defendants which reads in relevant part as follows:

10
      Upon review of your client's discovery response served September 14, 2012, it has
11    become even more apparent that my client is not liable for the debt alleged in this action.
      My client has never incurred any debt on an HSBC Card Services III, Inc. account, or on
12    a Union Plus Credit account.  My client's discovery responses, served on your office
13    Oct. 10, 2012, further support her position that she is not indebted to your client in any
      amount.
14
                                    . . .
15
      Please be advised that my client is a disabled senior citizen and that your client's
16    collection efforts have caused her great stress and mental anguish.  It is my hope that you
      will convince your client to cease prosecution of this meritless suit as this only
17    exacerbates her condition.

18        49.    A true and accurate copy of Plaintiff's counsel's October 12, 2012, letter is

19
      attached hereto, marked Exhibit "3," and by this reference is incorporated herein.
20
21        50.    Despite being notified again that Plaintiff was a disabled senior citizen and that

22    they were suing the wrong person, Defendants continued to pursue the *Portfolio v. Rivera* complaint

23    (Exhibit "1") against Plaintiff.

24        51.    Thereafter, on or about March 22, 2013, Plaintiff's counsel sent an email to

25    Defendants which reads as follows:
26
      I have reviewed your client's responses to Defendant's Request for Admissions, Set
27    Two.  In Request for Admission No. 1, your client admitted that, "The person who YOU
28    allege to owe a financial obligation is identified as Rosa Rivera with her social security

- 11 -
COMPLAINT

1    number having the last four digits XXX-XXX-7546 […]"

2    After a thorough investigation, I have confirmed that my client's last four digits of her
3    social security number do not match the numbers you have identified. Further, my client
     has never resided at the address that is listed in the Union Plus credit card monthly
4    billing statements.

5    None of the personal identifiers your client produced during discovery accurately
6    describe my client. I have informed your office on numerous occasions that my client
     has never applied for credit nor incurred any debt with HSBC Card Services III, Inc./
7    Union Plus Credit Card. Please allow me to be absolutely clear: You have sued the
8    wrong person.

9    I demand that you take immediate measures to resolve this claim of indebtedness against
     my client. Thank you for your attention to this matter.

10
          52.    A true and accurate copy of Plaintiff's counsel's March 22, 2013, email is attached
11
12   hereto, marked Exhibit "4," and by this reference is incorporated herein.

13        53.    Despite being notified that Plaintiff's social security number and address did not

14   match the "Rosa Rivera" toward whom Defendants should have been directing their collection activities

15   and that Defendants were suing the wrong person, Defendants continued to pursue the *Portfolio v.*
16
     *Rivera* complaint (Exhibit "1") against Plaintiff.
17
18        54.    Thereafter, on or about May 8, 2013, Plaintiff's counsel emailed a letter to

19   Defendants which reads as follows:

20   This case is scheduled for Trial this coming Monday, May 13, 2013. Why this case has
21   not already been dismissed yet is beyond reason. I have informed your office on many
     occasions that my client has not incurred the debt on the HSBC/Union Plus credit card
22   account that is the subject of this action. My client has never opened, authorized nor
     used the referenced account.
23
24   On March 22, 2013 I emailed you to confirm that my client's last four digits of her
     social security number does not match the numbers you have identified. I also informed
25   you that my client has never lived at nor used the address that is listed in the monthly
     billing statements. I informed you in no uncertain terms that you have sued the wrong
26   person. I asked that the case be dismissed with prejudice. I received no response.

27   My client is a disabled senior citizen and your continued collection efforts have caused
28   her great stress and mental anguish. She is also of limited mobility and if forced to

---

- 12 -
COMPLAINT

travel to Court on Monday to defend this meritless action, her condition will only be exacerbated. Once again, I am demanding that you take immediate action to dismiss this case with prejudice before the trial date.  Your prompt attention to this matter is appreciated.

55.   A true and accurate copy of Plaintiff's counsel's May 8, 2013, letter is attached hereto, marked Exhibit "5," and by this reference is incorporated herein.

56.   Despite being repeatedly notified both by Plaintiff's granddaughter and Plaintiff's counsel that Defendants had targeted and sued the wrong "Rosa Rivera," Defendants continued to prosecute the state court collection action until days before the scheduled trial.

57.   Thereafter, Defendants filed a Request for Dismissal Without Prejudice in the state court action on May 9, 2013.  A true and accurate copy of Defendants' Request for Dismissal Without Prejudice is attached hereto, marked Exhibit "6," and by this reference is incorporated herein.

58.   These facts show that Defendants continued to prosecute the state court collection action against Plaintiff – the wrong "Rosa Rivera" – for 10 months after they had been notified that Plaintiff was a senior citizen who did not lawfully owe the debt being collected.

59.   As a result of Defendants' abusive debt collection practices, Plaintiff has incurred actual damages in an amount to be determined at trial.

60.   As a senior citizen subjected to Defendants' abusive, deceptive and unfair collection practices, Plaintiff is entitled to treble damages pursuant to Cal. Civil Code § 3345.

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

61.   Plaintiff brings the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

62.   Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

63.   Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

64.   Defendant, PORTFOLIO, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

65.   Defendant, LRLO, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

66.   Defendant, RUNDQUIST, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

67.   The financial obligation alleged to be owed by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5). Moreover, Defendants filed a lawsuit against Plaintiff in a attempt to collect a nonexistent debt.[4]

68.   Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

a.   Defendants made and used false, deceptive and misleading representations in an attempt to collect a nonexistent debt from Plaintiff, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

b.   Defendants misrepresented the character or legal status of a nonexistent debt, in violation of 15 U.S.C. § 1692e(2)(A);

c.   Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of a nonexistent debt, in violation of 15 U.S.C. § 1692e(2)(B);

d.   Defendants misrepresented that PORTFOLIO was lawfully entitled to

---

[4] See, *Heathman v. Portfolio Recovery Assocs., LLC*, 2013 U.S. Dist. LEXIS 27057, *15-16 (S.D. Cal. Feb. 27, 2013).

1  collect a nonexistent debt from Plaintiff, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and

2  1692e(10);

3        e.   Defendants attempted to collect a nonexistent debt from Plaintiff, an action

4  that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

5

6        f.   Defendants engaged in an unfair and unconscionable practices in an attempt

7  to collect a nonexistent debt, in violation of 15 U.S.C. § 1692f; and

8        g.   Defendants attempted to collect interest, fees or other charges from Plaintiff

9  that were not permitted by law, in violation of 15 U.S.C. § 1692f(1).

10

11       69.   Defendants' acts as described above were done intentionally with the purpose of

12  coercing Plaintiff to pay a nonexistent debt.

13       70.   As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an

14  award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.

15  § 1692k.

16  ### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

17

18       71.   Plaintiff brings the second claim for relief against all Defendants except,

19  RUNDQUIST, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil

20  Code §§ 1788-1788.33.

21       72.   Plaintiff incorporates all paragraphs in this Complaint as though fully set forth

22  herein.

23

24       73.   Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code §

25  1788.2(h).

26       74.   Defendant, PORTFOLIO, is a "debt collector" as that term is defined by the

27  RFDCPA, Cal. Civil Code § 1788.2(c).

28

75.     Defendant, LRLO, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

76.     The financial obligation alleged to be owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f). Moreover, Defendants filed a lawsuit against Plaintiff in a attempt to collect a nonexistent debt.[5]

77.     Defendants have violated the RFDCPA. The violations include, but are not limited to, the following:

a.     Defendants made and used false, deceptive and misleading representations in an attempt to collect a nonexistent debt from Plaintiff, in violation of Cal. Civil Code § 1788.17;[6]

b.     Defendants misrepresented the character, amount or legal status of a nonexistent debt, in violation of Cal. Civil Code § 1788.17;[7]

c.     Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of a nonexistent debt, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17;[8]

d.     Defendants misrepresented that PORTFOLIO was lawfully entitled to collect a nonexistent debt from Plaintiff, in violation of Cal. Civil Code §§ 1788.13(l) and 1788.17;[9]

e.     Defendants attempted to collect a nonexistent debt from Plaintiff, an action that cannot lawfully be taken, in violation of Cal. Civil Code § 1788.17;[10]

---

[5] See, *Heathman v. Portfolio Recovery Assocs., LLC*, 2013 U.S. Dist. LEXIS 27057, *15-16 (S.D. Cal. Feb. 27, 2013).
[6] 15 U.S.C. §§ 1692e and 1692e(10).
[7] 15 U.S.C. § 1692e(2)(A).
[8] 15 U.S.C. § 1692e(2)(B).
[9] 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).
[10] 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

f.      Defendants engaged in an unfair and unconscionable practices in an attempt to collect a nonexistent debt, in violation of Cal. Civil Code § 1788.17;[11] and

g.      Defendants attempted to collect interest, fees or other charges from Plaintiff that were not permitted by law, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17.[12]

78.     Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay a nonexistent debt, within the meaning of Cal. Civil Code § 1788.30(b).

79.     As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

80.     As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

81.     As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17.[13]

82.     As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[14]

83.     Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA

---

[11] 15 U.S.C. § 1692f.
[12] 15 U.S.C. § 1692f(1).
[13] 15 U.S.C.§ 1692k(a)(2)(A).
[14] 15 U.S.C.§ 1692k(a)(3).

1  are intended to be cumulative and in addition to any other procedures, rights or remedies that the

2  Plaintiff may have under any other provision of law.

3  ## MALICIOUS PROSECUTION

4
5       84.    Plaintiff brings the third claim for relief against all Defendants for common law

6  malicious prosecution.

7       85.    Plaintiff incorporates all paragraphs in this Complaint as though fully set forth

8  herein.

9       86.    Defendants herein, prepared and filed a baseless, meritless lawsuit against

10
   Plaintiff.
11

12       87.    Defendants herein were all actively involved in bringing and/or maintenance of

13  the wrongful underlying lawsuit.

14       88.    Defendants were on notice a lawsuit, based on the circumstances herein, was a

15  "Sham."

16
        89.    No reasonable person in Defendants' above circumstances would have believed
17

18  that there were reasonable grounds to bring, and/or maintain, the baseless lawsuit against Plaintiff.

19       90.    Defendants herein acted primarily for a purpose other than succeeding on the

20  merits of the case, including to gain leverage to extort money in an attempt to collect a nonexistent debt

21  from Plaintiff.

22
        91.    Plaintiff was harmed, and suffered serious and severe emotional distress, as well
23

24  as the panoply of psychological pressures one is expected to experience when wrongfully sued.

25       92.    Defendants' actions, conduct, and inaction actually and proximately caused and

26  were a substantial factor in causing Plaintiff emotional distress.

27       93.    Defendants above acted with conscious disregard of the rights and safety of

28

Plaintiff and reckless indifference regarding Plaintiff and and the merits of its lawsuit.

94.     It was clearly foreseeable that Defendants' wrongful actions, conduct, and inaction could cause harm and severe emotional distress.

## PUNITIVE DAMAGES

95.     Plaintiff is informed and believes, and thereon alleges that Defendants' conduct was fraudulent, malicious, reprehensible, despicable and oppressive and was intended to harm Plaintiff.

96.     Plaintiff is informed and believes, and thereon alleges that an officer, director or managing agent of the Defendants authorized, approved and ratified Defendants' wrongful and unlawful acts described herein.

97.     It is the pattern and practice, and intentional business plan of Defendants to ignore and disregard the rights of consumers such as Plaintiff.   This conduct has the natural consequence to annoy, harass, oppress and abuse.

98.     Defendants are liable for reasonable punitive damages in an amount sufficient to punish and educate Defendants and to educate other businesses engaged in similar activities that the courts and juries of California will not tolerate such conduct in California.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a)  Assume jurisdiction in this proceeding;

b)  Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f, and 1692f(1);

c)  Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(e), 1788.13(l), 1788.14(b), and 1788.17;

d)  Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15

U.S.C. § 1692k(a)(1) and Cal. Civil Code §§ 1788.17 and 1788.30(a);

e) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant except RUNDQUIST, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not to exceed $1,000 against each Defendant except RUNDQUIST, pursuant to Cal. Civil Code § 1788.17;[15]

h) Award Plaintiff actual damages and punitive damages in an amount to be determined at trial for Defendants' malicious prosecution of Plaintiff;

i) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[16] and 1788.30(c);

j) Award Plaintiff treble damages pursuant to Cal. Civil Code § 3345; and

k) Award Plaintiff such other and further relief as may be just and proper.

oo0oo

---

[15] 15 U.S.C. § 1692k(a)(2)(A).
[16] 15 U.S.C. § 1692k(a)(3).

- 20 -
COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONSUMER LAW CENTER, INC.

Dated: May 22, 2013

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California 95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
ROSA MARGARITA RIVERA

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ROSA MARGARITA RIVERA, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

- 21 -
COMPLAINT

LRLO 744810-001                          619-275-4010

Mark D. Walsh, SBN - 206059
Andrew P. Rundquist, SBN - 262523
Judson H. Price, SBN - 275475
Deanna Fraser, SBN - 270362
Legal Recovery Law Offices, Inc.
5030 Camino de la Siesta Ste 340
San Diego, CA 92108
800-785-4001
619-275-4010 Fax

Attorney for Plaintiff

SUMMONS ISSUED
FILED
SUPERIOR COURT          04/30/2012
COUNTY OF SAN FRANCISCO

2012 MAY 22  AM 8: 25

CLERK OF THE COURT

BY:_____
            DEPUTY CLERK

D. STEPPE

Superior Court of California, County of San Francisco

Civic Center Courthouse - LIMITED CIVIL

| | | |
|---|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC, Plaintiff, | ) ) ) | Case No.: CGC-12-520992 |
| vs. | ) ) ) | COMPLAINT FOR MONEY 1.  Breach of Written Contract 2.  Account Stated |
| ROSA RIVERA, and DOES 1 to 10 Defendant(s), | ) ) ) ) ) | ☒ Amount demanded does not exceed $10,000 ☐ Amount demanded exceeds $10,000 ☐ Amount demanded exceeds $25,000 |

COMES NOW, Plaintiff, PORTFOLIO RECOVERY ASSOCIATES, LLC, (hereinafter "Plaintiff")

for all causes of action against all named Defendant(s), ROSA RIVERA, (hereinafter "Defendant(s)"), and

each of them, and each other Defendant sued as a DOE Defendant hereunder, and hereby complains as

follows upon information and belief:

**PARTIES**

1.     Plaintiff is now and was at all times mentioned herein either a corporation, a partnership, a sole

proprietor, or other legal entity in good standing, and is the rightful Plaintiff authorized to collect the debt

which is the subject of this action.

2.     Plaintiff is informed and believes, and on that basis alleges that at least one Defendant is an

individual who resides in the State of California.

3.     Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1

through 10 inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this

Complaint to insert the true names and capacities of said Defendants when they are ascertained. Plaintiff is

FILE BY FAX



EXHIBIT

1

LRLO 744910-001                          619-275-4010                          04/30/2012

1   informed and believes and thereon alleges that each of such fictitiously named Defendants are indebted to

2   Plaintiff as herein alleged, and that Plaintiff's rights against such fictitiously named Defendants arise from

3   such indebtedness.

4                                           **JURISDICTION**

5       4.      This is the proper venue because at least one Defendant resides in this court's jurisdiction

6   and/or one Defendant resided in this court's jurisdiction at the time the contract was entered into.

7       5.      The causes of action hereinafter stated is a money demand.

8                 **FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9       6.      Defendant(s) are over the age of 18 and indebted to Plaintiff for credit received through

10  purchases/cash advances and/or monies loaned and received and furnished to the Defendant(s) by the

11  original creditor, HSBC CARD SERVICES III, INC., and all related finance charges and/or late fees

12  incurred pursuant to the terms and conditions of the contract(s). For valuable consideration, the original

13  creditor sold, assigned and/or transferred the claims underlying the causes of action set forth in this

14  Complaint to the Plaintiff, who is the assignee and/or sole owner of such claims with all legal rights to

15  pursue collection of said debt(s) from the Defendant(s), and all legal right to release or satisfy said debts(s).

16  This credit is identified by the Plaintiff as an account having the last four digits XXXXXXXXXXXXX3146

17  (the "Account(s)").

18      7.      Defendant(s) agreed to pay these monies to the Original Creditor as provided for in the

19  agreement between Defendant(s) and Original Creditor. The terms and conditions under which Defendant(s)

20  agreed to repay these monies are set forth in a written credit card and/or loan agreement. Defendant(s)

21  consented to these terms either by an authorizing signature on the application and/or agreement or by

22  Defendant(s) use of the credit instrument and/or monies provided.

23      8.      //

24      9.      Plaintiff and Plaintiff's assignors and/or predecessors have duly performed all conditions on

25  its/their part, except the conditions and covenants it was/they were excused or prevented from performing.

26  Despite Plaintiff's demand, Defendant(s) have not repaid Plaintiff for the charges made and/or the monies

27  loaned, in the amount(s) of $2,461.18.

28      10.     Billing statements were mailed to the Defendant(s). Plaintiff is unaware of any unresolved

COMPLAINT FOR MONEY - Page 2

LRLO 744910-001                          619-275-4010                          04/30/2012

1   dispute concerning a billing error.

2       11.    Within the past four (4) years, on or about December 31, 2008, the Defendant(s) breached the

3   agreement by failing to pay the Original Creditor

4       12.    Plaintiff has made a demand for payment of monies owed, but Defendant(s) has either failed,

5   refused or neglected to pay Plaintiff as agreed. Defendant(s) are, therefore, in default under the terms of the

6   party's agreement.

7       13.    No part of the above balance owed has been paid to date and said balance is now due and

8   owing from Defendant(s).

9                                **FIRST CAUSE OF ACTION**

10                               **(Breach of Written Contract)**

11                               **(As Against All Defendants)**

12      14.    Plaintiff sets forth by reference as though fully set forth below each and every allegation of

13   paragraph 1-13 of this Complaint.

14      15.    The Original Creditor and Defendant(s) entered into a written contract(s) wherein at the request

15   of Defendant(s), the Original Creditor extended credit and/or provided financing to the Defendant(s). In

16   return, Defendant(s) agreed to make payment(s) in accordance with the terms and conditions of the contract.

17      16.    The Original Creditor sent to Defendant(s) bills reflecting, *inter alia*, all charges incurred with

18   the Account(s), the payment due, and the total balance due. Where the debt at issue herein was a credit card,

19   each statement informed Defendant(s) of the duty to submit any disputes of the charges set forth in such

20   statement, in writing, within sixty days from the date of the statement.

21      17.    Between the date of the aforementioned contract(s) to the present, Defendant(s) breached said

22   contract(s), by ceasing or failing to make the payment due on the Account(s).

23      18.    No part of the principal sum of $2,461.18 has been paid to date and said sum is now due and

24   owing by Defendant(s) to the Plaintiff.

25      19.    As a direct and proximate result of Defendant(s)' breach of said written contract, Plaintiff has

26   been damaged in the above stated sum, together with the interest thereon at the statutory rate from January

27   26, 2011 plus reasonable attorney's fees and costs where allowed by law or contract or according to proof.

28   Plaintiff reserves the right to pray for an additional interest amount that may have accrued between

FILE BY FAX

COMPLAINT FOR MONEY - Page 3

LRLO 744910-001                          619-275-4010                          04/30/2012

1    December 31, 2008 and January 26, 2011.

2                              **SECOND CAUSE OF ACTION**

3                                    (Account Stated)

4                               (As Against All Defendants)

5        20.      Plaintiff sets forth by reference as though fully set forth below each and every allegation of

6    paragraph 1 through 19 of this Complaint.

7        21.      The Account(s) was stated in writing by and between the Original Creditor and Defendant(s)

8    and on such statements a balance(s) of $2,461.18 was ultimately stated as due and owing. However,

9    Defendant(s) has not paid the amount owing as agreed.

10       22.      There is now due, owing, and unpaid from Defendant(s) to Plaintiff the above stated balance

11   owed for purchases, cash advances and/or monies loaned, and finances charges and/or late fees incurred

12   pursuant to the terms and conditions of the contract(s).

13       23.      Plaintiff alleges that there is an Account(s) stated by operation of law wherein the Original

14   Creditor billed Defendant(s) for the credit balance and received no objection to it.

15       24.      No part of the above balance owed has been paid and said amount is now due and owing from

16   Defendant(s) to Plaintiff, together with the interest thereon at the statutory rate from January 26, 2011 plus

17   reasonable attorney's fees and costs where allowed by law or contract or according to proof. Plaintiff

18   reserves the right to pray for an additional interest amount that may have accrued between December 31,

19   2008 and January 26, 2011.

20       WHEREFORE, Plaintiff, PORTFOLIO RECOVERY ASSOCIATES, LLC prays for judgment against

21   Defendant(s), and each of them, as follows:

22       1.       For the balance owed in the amount of $2,461.18;

23       2.       Interest at the statutory rate of 10% from January 26, 2011;

24       3.       For reasonable attorney's fees in according to contract, law or as according to proof, or in

25   accordance with this court's default schedule if a default is obtained;

26       4.       For costs of suit incurred herein; and

27       5.       For such other and further relief as the court may deem proper.

28

**FILE BY FAX**

COMPLAINT FOR MONEY - Page 4

LRLO 744910-001                              619-275-4010                        04/30/2012

1

2

3    Dated: April 30, 2012

4                                            [ ] Mark Walsh, Esq.

5                                            [X] Andrew Rundquist, Esq.

6                                            [ ] Judson H. Price, Esq.

                                             [ ] Deanna Fraser, Esq.

7                                            Attorney for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILE BY FAX**

COMPLAINT FOR MONEY - Page 5

LRLO 744910-001                                   619-275-4010                                    04/30/2012

1 | Mark D. Walsh SBN - 206059
  | Andrew P. Rundquist SBN - 262523
2 | Judson H. Price SBN - 275475
  | Deanna Fraser SBN - 270362
3 | Legal Recovery Law Offices, Inc.
  | 5030 Camino de la Siesta Ste 340
4 | San Diego, CA 92108
  | 800-785-4001
5 | 619-275-4010 Fax
  |
6 | Attorney For Plaintiffs

**F I L E D**
Superior Court of California
County of San Francisco

MAY 2 2 2012

CLERK OF THE COURT
BY: _____
Deputy Clerk

7 |                    Superior Court of California, County of San Francisco

8 |                          Civic Center Courthouse - LIMITED CIVIL

9 | PORTFOLIO RECOVERY ASSOCIATES, LLC,    )
  |      Plaintiff,                        )  Case No.:    C G C - 1 2 - 5 2 0 9 9 2
10 |                                        )
   |                                        )
11 |                                        )  AFFIDAVIT OF VENUE
   |            vs.                          )
12 | ROSA RIVERA, and Does 1 to 10          )
   |      Defendant(s)                      )
13 |                                        )
   |                                        )
14 | _____    )

15 | I, the undersigned, declare as follows:

16 |     1.      I am an attorney at law duly licensed to practice before all the courts of the State of California

17 | and am an attorney with Legal Recovery Law Offices, Inc., attorney of record for plaintiffs in the above

18 | entitled action. I am familiar with the facts set forth herein and, if called as a witness, I could and would

19 | competently testify thereto.

20 |     2.      This is the proper jurisdiction for this action because this action involves an offer of

21 | provisions of goods, services and/or credit intended for commercial use to be sold to the public primarily

22 | for personal, family or household use and at least one defendant resides in this court's jurisdiction.

23 |     I declare under penalty of perjury under the laws of the State of California that the foregoing is true

24 | and correct.

25 |

26 | Dated: April 30, 2012

27 |                                        [  ] Mark D. Walsh, Esq.
   |                                        [X] Andrew P. Rundquist, Esq.
28 |                                        [  ] Judson H. Price, Esq.
   |                                        [  ] Deanna Fraser, Esq.
   |                                        Attorney for plaintiffs

                            AFFIDAVIT OF VENUE - Page 1

**FILE BY FAX**

LRLO 744910-001                              619-275-4010                                    04/30/2012

Mark D. Walsh SBN - 206059
Andrew P. Rundquist SBN - 262523
Judson H. Price SBN - 275475
Deanna Fraser SBN - 270362
Legal Recovery Law Offices, Inc.
5030 Camino de la Siesta Ste 340
San Diego, CA 92108
800-785-4001
619-275-4010 Fax

**F I L E D**
Superior Court of California
County of San Francisco

MAY 2 2 2012

CLERK OF THE COURT
BY: _____
Deputy Clerk

Attorney For Plaintiffs

Superior Court of California, County of San Francisco

Civic Center Courthouse - LIMITED CIVIL

| | |
|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC, Plaintiff, | Case No.: C G C - 1 2 - 5 2 0 9 9 2 |
| vs. | DECLARATION IN SUPPORT OF REDUCED FILING FEE |
| ROSA RIVERA, and Does 1 to 10 Defendant(s) | [BUS AND PROF CODE § 6322.1 (C) (1)] |

FILE BY FAX

1.    I am an attorney duly licensed to practice law in the State of California and an associate of Legal Recovery Law Offices, Inc., attorneys for plaintiffs. The following declaration is made of my own knowledge and if sworn as a witness, I would and could competently testify thereto.

2.    This suit involves a debt which has been assigned to the plaintiffs, thus this suit may not be brought in small claims court under C.C.P. § 116.420.

3.    The principal amount sought in the complaint is less than or equal to $5000.

4.    Under Business and Professions Code Section 6322.1(c)(1), where a claim for money damages falls within the monetary jurisdiction of the small claims court and is filed by an assignee who is prohibited from filing or maintaining a claim pursuant to C.C.P. § 116.420, the filing party is entitled to a $44.00 fee reduction from the uniform filing fee.

5.    Because this case meets the provisions of BP 6322.1(c)(1), the plaintiffs request a fee reduction of $44.00.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: April 30, 2012

[ ] Mark D. Walsh, Esq.
[X] Andrew P. Rundquist, Esq.
[ ] Judson H. Price, Esq.
Attorney for plaintiffs

DECLARATION IN SUPPORT OF REDUCED FILING FEE

# Janet Ly LAW OFFICE

201 SPEAR STREET STE 1100 SAN FRANCISCO CA 94105

MARK D. WALSH
LEGAL RECOVERY LAW OFFICES, INC.
5030 CAMINO DE LA SIESTA STE. 340
SAN DIEGO, CA 92108

July 10, 2012

Re:     <u>PORTFOLIO RECOVERY ASSOCIATES LLC. v. ROSA RIVERA</u>
        Superior Court of California – County of San Francisco
        Case No. CGC-12-520992

VIA US Mail

Dear Counsel:

        My office is representing Rosa Rivera in the above named case. Upon receiving
service of the named Complaint, my client contacted your office regarding the alleged
debt that is the subject of this suit. She has informed your office that this allegation of
indebted is wholly false; that she does not and has not ever had an HSBC Card Services,
Inc. III account identified in the Complaint as having the last four digits 3146. My client
has also informed you that she is of the belief that your client has sued the wrong person.

        This letter is to communicate again my client's contentions. My client has made a
thorough investigation of her financial records and reviewed all three credit reports; she
has found no indication that the HSBC account belongs to her. In fact, my client has no
outstanding debt owed on any credit card account. There is no reason for your client to
continue this litigation without proper evidence of indebtedness.

        I urge that your office to conduct a thorough investigation and dismiss this suit
with prejudice as there is no basis for continuing your collection efforts. Please feel free
to contact me if you wish to discuss this matter further.

Regards,

Janet Ly, Esq.

EXHIBIT
2

# Janet Ly L A W   O F F I C E
## 201 SPEAR STREET STE 1100 SAN FRANCISCO CA 94105

Deanna Fraser, Esq.
Legal Recovery Law Offices
5030 Camino De La Siesta, #340
San Diego, CA 92108

October 12, 2012

Re: **Portfolio Recovery Associates, LLC vs. Rosa Rivera (No: CGC-12-520992)**

### FOR SETTLEMENT PURPOSES ONLY

Dear Ms. Fraser:

Upon review of your client's discovery response served September 14, 2012, it has become even more apparent that my client is not liable for the debt alleged in this action. My client has never incurred any debt on an HSBC Card Services III, Inc. account, or on a Union Plus Credit account. My client's discovery responses, served on your office Oct. 10, 2012, further support her position that she is not indebted to your client in any amount.

As you are aware, my client has a meritorious cross-complaint against your client for various violations of the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act, including but not limited to 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), and Cal. Civil Code § 1788.17 and Cal. Civil Code § 1788.13(l).

Please be advised that my client is a disabled senior citizen and that your client's collection efforts have caused her great stress and mental anguish. It is my hope that you will convince your client to cease prosecution of this meritless suit as this only exacerbates her condition.

In the interest of resolving this case without further expense and time, my client will settle this case on the terms provided in the enclosed Settlement Agreement and Mutual Release. Please let me know if the agreement is approved for signatures. Please be advised that this offer will lapse October 29, 2012. Thank you for your continued professional courtesy.

Sincerely,

s/Janet Ly, Esq.

Encl:   Settlement Agreement and Mutual Release

**EXHIBIT**

**3**

Tel: 415.230.5370 | Fax: 415.230.5371 | info@janetlylaw.com | CalConsumerRights.com

From: "Janet Ly, Esq." <janet@janetlylaw.com>
Subject: **Re: Portfolio Recovery Associates v. Rosa Rivera CGC-12-520992**
Date: March 22, 2013 4:37:24 PM PDT
To: Deanna Fraser <dfraser@lrlo.com>

Ms. Fraser:

I have reviewed your client's responses to Defendant's Request for Admissions, Set Two. In Request for Admission No. 1, your client admitted that, "The person who YOU allege to owe a financial obligation is identified as Rosa Rivera with her social security number having the last four digits XXX-XXX-7546 [...]"

After a thorough investigation, I have confirmed that my client's last four digits of her social security number do not match the numbers you have identified. Further, my client has never resided at the address that is listed in the Union Plus credit card monthly billing statements.

None of the personal identifiers your client produced during discovery accurately describe my client. I have informed your office on numerous occasions that my client has never applied for credit nor incurred any debt with HSBC Card Services III, Inc./ Union Plus Credit Card. Please allow me to be absolutely clear: You have sued the wrong person.

I demand that you take immediate measures to resolve this claim of indebtedness against my client. Thank you for your attention to this matter.

Janet Ly, Esq.

JANET LY LAW OFFICE
201 Spear Street Suite 1100
San Francisco CA 94105
Tel: (415) 230-5370
Fax: (415) 230-5371
www.CalConsumerRights.com
janet@janetlylaw.com

***************************************************

The information in this email may be privileged or confidential and is intended only for the party named above. If you are not the intended recipient, you are hereby notified that disseminating, distributing, or copying this communication is strictly prohibited. If you have received this email in error, please immediately notify this office at the number indicated above. Please be advised that email could be intercepted by third parties and may not be encrypted. It is our understanding that you consent to our communication with you via email. If this understanding is incorrect please advise this office immediately.



EXHIBIT
4

**Janet Ly** L A W   O F F I C E
201 SPEAR STREET STE 1100 SAN FRANCISCO CA 94105

Deanna Fraser, Esq.
Legal Recovery Law Offices, Inc.
5030 Camino De La Siesta, #340
San Diego, CA 92108

May 8, 2013

Re: **Portfolio Recovery Associates, LLC vs. Rosa Rivera (No: CGC-12-520992)**

**VIA FAX to 1-619-275-4010**
**And Email to: dfraser@lrlo.com**

Dear Ms. Fraser:

This case is scheduled for Trial this coming Monday, May 13, 2013. Why this case has not already been dismissed yet is beyond reason. I have informed your office on many occasions that my client has not incurred the debt on the HSBC/Union Plus credit card account that is the subject of this action. My client has never opened, authorized nor used the referenced account.

On March 22, 2013 I emailed you to confirm that my client's last four digits of her social security number does not match the numbers you have identified. I also informed you that my client has never lived at nor used the address that is listed in the monthly billing statements. I informed you in no uncertain terms that you have sued the wrong person. I asked that the case be dismissed with prejudice. I received no response.

My client is a disabled senior citizen and your continued collection efforts have caused her great stress and mental anguish. She is also of limited mobility and if forced to travel to Court on Monday to defend this meritless action, her condition will only be exacerbated. Once again, I am demanding that you take immediate action to dismiss this case with prejudice before the trial date. Your prompt attention to this matter is appreciated.

Sincerely,

Janet Ly, Esq.



Tel: 415.230.5370 | Fax: 415.230.5371 | Info@janetlylaw.com | CalConsumerRights.com

CLAIM # 744910.001

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar Number, and address):*
LEGAL RECOVERY LAW OFFICES, INC.
ANDREW P. RUNDQUIST Bar # 262523
5030 Camino De La Siesta # 340, San Diego, CA 92108

TELEPHONE NO.: 800-785-4001      FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* PORTFOLIO RECOVERY ASSOCIATES, LLC

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
STREET ADDRESS: 400 MCALLISTER STREET
MAILING ADDRESS:
CITY AND ZIP CODE: SAN FRANCISCO CA 94102
BRANCH NAME: CIVIC CENTER;

CIV-110

FOR COURT USE ONLY

PLAINTIFF/PETITIONER: PORTFOLIO RECOVERY ASSOCIATES, LLC
DEFENDANT/RESPONDENT: ROSA RIVERA

| **REQUEST FOR DISMISSAL** | CASE NUMBER: CGC-12-520992 |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, Rules 3.760 and 3.770.)

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) ☐ With prejudice   (2) ☒ Without Prejudice
   b. (1) ☐ Complaint   (2) ☐ Petition
   (3) ☐ Cross-Complaint filed by (name):      on (date):
   (4) ☐ Cross-Complaint filed by (name):      on (date):
   (5) ☒ Entire action of all parties and all causes of action
   (6) ☐ Other (specify):*

2. (Complete in all cases except family law cases.)
   The court ☒ did ☐ did not waive court fees and costs for a party in this case. (This information may be obtained from the clerk. *If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date : 5/8/2013

Andrew P. Rundquist

TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY                    (SIGNATURE)

Attorney or party without attorney for:
☒ Plaintiff/Petitioner   ☐ Defendant/Respondant
☐ Cross-Complainant

* If dismissal requested is of specified parties only, of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
Date:

(TYPE OR PRINT NAME OF   ATTORNEY   PARTY WITHOUT ATTORNEY)                    SIGNATURE

If a cross-complaint or Response (Family Law) seeking affirmative relief is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581(i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross-complainant

*(To be completed by clerk)*

4. ☐ Dismissal entered as requested on *(date):*
5. ☐ Dismissal entered on *(date):*      as to only (name):
6. ☐ Dismissal not entered as requested for the following reasons *(specify):*

7. ☐ a. Attorney or party without attorney notified on *(date):*
   b. Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to conform   ☐ means to return conformed copy

Date:                    Clerk by, _____, Deputy

EXHIBIT
6

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.
Gov. Code § 68637(c) Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov

Page 1 of 2

| PLAINTIFF/PETITIONER: PORTFOLIO RECOVERY ASSOCIATES, LLC | CASE NUMBER: CGC-12-520992 |
|---|---|
| DEFENDANT/RESPONDENT: ROSA RIVERA | |

> **COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**
> If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code. 68637.).

## Declaration Concerning Waived Court Fees

1. The court waived fees and costs in this action for (name): ROSA RIVERA

2. The person named in item 1 is (check one below):

   a. [X] not recovering anything of value by this action.

   b. [ ] recovering less than $10,000 in value by this action.

   c. [ ] recovery $10,000 or more in value by this action. (If item 2c is checked, item 3 must be completed.)

3. [ ] All court fees and costs that were waived in this action have been paid to the court (check one): [ ] Yes [ ] No.

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

Andrew P. Rundquist

(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY MAKING DECLARATION)        (SIGNATURE)